IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
01/28/2015

| | |
|---|---|
| IN RE | ) |
| | ) |
| ALISA PARKER, | ) CASE NO. 14-36467-H3-13 |
| | ) |
| Debtor, | ) |

## MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Motion for Relief from the Stay [And Co-Debtor Stay, If Applicable] Regarding Non-Exempt Property" (Docket No. 17) filed by Brazos Valley Schools Credit Union ("BVSCU"). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Alisa Parker ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on November 24, 2014.

Debtor previously was the Debtor in Case No. 14-30473-H3-7. In that case, she received a Chapter 7 discharge on November 14, 2014.

In the instant case, Debtor listed in Schedule B a checking account at BVSCU, with an account balance of $1,254.54. In Debtor's Schedule C, Debtor did not list the account as exempt. (Docket No. 19).

BVSCU has filed a proof of claim in the instant case, asserting a claim for $1,254.54, secured by the funds in the checking account. BVSCU has filed a second proof of claim, in the amount of $18,012.23, secured by a 2010 Nissan Murano.

Debtor has filed a plan, providing for payment to BVSCU of $13,163.00 (which Debtor asserts is the value of the vehicle) on the claim secured by the Nissan Murano, and an additional $1,300, also stated in the plan to be secured by the Nissan Murano. The $1,300 is to be paid to BVSCU, pro rata with payments on other claims, over the 60-month term of the plan, without interest. (Docket No. 2).

In the instant motion, BVSCU seeks relief from stay in order to setoff the funds in Debtor's checking account against her debt to BVSCU. (Docket No. 17).

At the evidentiary hearing on the instant motion, the parties did not present testimony or documentary evidence. The parties did submit a stipulation of facts. The stipulation provides in pertinent part that, in addition to the loan secured by the Nissan Murano, Debtor has a credit card obligation issued by BVSCU with a balance owed on the petition date of

approximately $1,254.54. The stipulation also provides that Debtor has offered no replacement lien or other collateral to secure BVSCU's statutory lien on the funds in the checking account.

## Conclusions of Law

Section 362(d) of the Bankruptcy Code provides in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
>> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>>
>> (2) with respect to a stay of an act against property under subsection (a) of this section, if-
>>
>>> (A) the debtor does not have an equity in such property; and
>>>
>>> (B) such property is not necessary to an effective reorganization;

11 U.S.C. §§ 362(d)(1), 362(d)(2).

Section 362(g) of the Bankruptcy Code provides:

> (g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section--
>
>> (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

3

>> (2) the party opposing such relief has the burden of proof on all other issues.

11 U.S.C. § 362(g).

A credit union in Texas has a lien on a member's deposits to the extent of the member's direct or indirect indebtedness to the credit union. Tex. Fin. Code § 125.404.

In the instant case, Debtor has no equity in the property, as a result of BVSCU's lien. There is no evidence as to the necessity of the property for Debtor's reorganization. The court concludes that the stay should be lifted pursuant to Section 362(d)(2) of the Bankruptcy Code.

Cause is not defined in the Bankruptcy Code, and must be determined on a case by case basis based on an examination of the totality of circumstances. In re Reitnauer, 152 F.3d 341, 343 n. 4 (5th Cir. 1998); In re Mendoza, 111 F.3d 1264 (5th Cir. 1997).

Debtor has made no offer of adequate protection, and presented no evidence to demonstrate that the terms of Debtor's plan are sufficient to provide adequate protection of BVSCU's lien as to the funds in the checking account.[1] The court concludes that the stay should be lifted pursuant to Section

---

[1] The court notes that the plan's treatment of the debt secured by the checking account funds appears to violate Section 1325(a)(5)(B)(i)(I) of the Bankruptcy Code, which requires that the holder of the claim retain its lien until the debt is paid or discharge is entered.

362(d)(1) of the Bankruptcy Code.

Based on the foregoing, a separate Judgment will be entered granting the "Motion for Relief from the Stay [And Co-Debtor Stay, If Applicable] Regarding Non-Exempt Property" (Docket No. 17) filed by BVSCU.

Signed at Houston, Texas on this ___JAN 2 8 2015___ day of _____, 2015.

LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE